IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SHAMEEKA HILL and others similarly situated**<br><br>**Plaintiff,**<br><br>v.<br><br>**STRATMAR FINANCIAL RETAIL COVERAGE LLC, d/b/a/ Stratmar Retail Services**<br><br>**Defendant** | **CIVIL ACTION**<br><br>**FILE NO.:**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Shameeka Hill sues Defendant StratMar Financial Retail Coverage LLC on behalf of herself and others similarly situated — demanding trial by jury — to recover unpaid overtime wage compensation, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*.

## OVERVIEW

1.  Defendant StratMar Financial Retail Coverage LLC ("StratMar") failed to pay the named Plaintiff and others similarly situated federally mandated

overtime wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is predicated under 28 U.S.C. §1331, and the FLSA, 29 U.S.C. §216(b). Supplemental jurisdiction over the state-law claims is predicated under 28 U.S.C. §1367.

3. Venue is proper pursuant to 28 U.S.C. §1391. The cause of action arose in Clayton County, Georgia, in the Northern District of Georgia.

## PARTIES

4. Plaintiff Shameeka Hill ("Ms. Hill") is a resident of the Northern District of Georgia and a citizen of the State of Georgia. Ms. Hill was employed by StratMar to work in the Northern District of Georgia beginning in February, 2013 and is entitled to the protections of the FLSA under 29 U.S.C. §203(e).

5. Defendant StratMar Financial Retail Coverage LLC ("StratMar") is a Limited Liability Company registered in New York and based in Port Chester, New York.

6. StratMar regularly conducts business in Hartsfield-Jackson Atlanta International Airport, where Ms. Hill is employed, and as such is subject to the jurisdiction of this court.

7.

## FACTUAL ALLEGATIONS

8.  StratMar is an "employer" as defined by the FLSA and "engaged in commerce" as defined by the FLSA. 29 U.S.C. §§203(d) and (s)(1). StratMar employed Ms. Hill to solicit credit card applications at Hartsfield-Jackson Atlanta International Airport. StratMar's gross revenue exceeded the statutory minimum to be "engaged in commerce" under the FLSA during the periods relevant to this lawsuit.

9.  Since the inception of her employment, StratMar violated the FLSA by employing Ms. Hill and others similarly situated as "In-Airport Sales Representatives" for more than 40 hours a week without compensating them for their employment in excess of 40 hours at rates not less than 1½ times the regular rate at which they were employed.

10. StratMar paid Ms. Hill and other In-Airport Sales Representatives on an hourly basis.

11. StratMar did not pay Ms. Hill and other In-Airport Sales Representatives a guaranteed salary.

12. StartMar regularly required Ms. Hill and other In-Airport Sales Representatives to work for more than 40 hours a week.

13. Ms. Hill works an average of 48 hours a week

14. StratMar required Ms. Hill to work "off the clock" doing clerical and manual tasks including processing payroll, processing expense reports, and running errands for supplies for StratMar.

15. StratMar required Ms. Hill and other In-Airport Sales Representatives to work "off the clock" soliciting credit card applications when StratMar was not reaching its application quotas.

16. StratMar instructed its managers at the Atlanta Airport to alter the time records of Ms. Hill and other In-Airport Sales Representatives so that they would reflect 40 hours per week or less whenever they worked more than 40 hours per week.

17. Ms. Hill saw the alteration to her time records and to the time records of other similarly situated In-Airport Sales Representatives.

## COUNT ONE

### Violation of the FLSA, 29 U.S.C. § 201, *et. seq.*

18. Plaintiff re-alleges and incorporates by reference paragraphs 1-16 of this complaint as if fully set out below.

19. StratMar owes Ms. Hill for an estimated 700 hours of overtime wages at 1½ times her regular rate of $14.00 per hour.

20. The amount of compensation owed to others similarly situated is unknown but estimated to be similar to that of Ms. Hill based on Stratmar's practices.

21. Defendants have not only failed to maintain all of the records required by the Fair Labor Standards Act and the regulations promulgated thereunder, they have also deliberately and intentionally falsified records.

22. StratMar's violations of the FLSA were willful and without justification or excuse under the FLSA.

23. Based on these willful violations, Ms. Hill and others similarly situated are entitled to seek compensation for underpayment of the overtime wages incurred within three years of the filing of the complaint as well as liquidated damages and reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Ms. Hill demands a TRIAL BY JURY and the following relief:

(a) An award to her and others similarly situated of the unpaid overtime they are owed;

(b) An award to her and others similarly situated of liquidated damages for StratMar's willful violations of the FLSA's minimum wage provisions;

(c) Reasonable attorney's fees and costs under 29 U.S.C. §216(b); and

(d) Such other relief as this Court finds just and proper.

Respectfully submitted this 22nd day of December, 2014.

_____
Elizabeth Ann Morgan
Georgia Bar No. 522206
Daniel B. Millman
Georgia Bar No. 603728
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL:  404-496-5430
morgan@morganlawpc.com
millman@morganlawpc.com
*Counsel for Plaintiff*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | |
|---|---|
| SHAMEEKA HILL and others similarly situated <br><br> *Plaintiff(s)* <br><br> v. <br><br> STRATMAR FINANCIAL RETAIL COVERAGE LLC, <br> d/b/a/ Stratmar Retail Services <br> *Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  StratMar Financial Retail Coverage LLC
109 Willett Avenue
Port Chester, NY 10573


   A lawsuit has been filed against you.

   Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Elizabeth Ann Morgan
Daniel B. Millman
The Morgan Law Firm P.C.
260 Peachtree Street, Suite 1601
Atlanta, Georgia 30303
(404) 496-5430

   If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                                                       *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc: