UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAMEEKA HILL and others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:14-CV-04047-ELR |
| ) | |
| STRATMAR FINANCIAL RETAIL ) | |
| COVERAGE LLC, d/b/a Stratmar ) | |
| Retail Services, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AND
TO DISMISS ACTION WITH PREJUDICE**

Plaintiff Shameeka Hill and Opt-In Plaintiffs Charlotte Alexander and Jonathan Marshall (collectively "Plaintiffs"), and Defendant Stratmar Financial Retail Coverage LLC, d/b/a Stratmar Retail Services ("Defendant"), have reached a settlement (the "Settlement") with respect to Plaintiffs' claims against Defendant.

The Settlement was reached after months of discovery, investigation and arms-length negotiations. The Settlement, if approved, will provide meaningful relief to those affected. Accordingly, Plaintiffs and Defendant jointly request that the Court enter the Consent Order Approving Settlement and Dismissing the Action

with Prejudice, attached as Exhibit A. In support of this Motion, the Parties jointly state as follows:

## I.     Background

On December 22, 2014, Plaintiff Shameeka Hill ("Hill") filed the above-captioned Complaint against Defendant, on behalf of herself and all other similarly situated individuals, asserting violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"). (Dkt. No. 2.) Hill alleged that Defendant required her and other employees to work off the clock and failed to pay them for all overtime worked. (Dkt. No. 2.) Defendant denies the allegations in their entirety, including that it violated the FLSA or any other state or federal law in any manner and that Plaintiffs are owed any additional overtime or other compensation.

On November 20, 2015, Hill filed a motion for conditional certification of her FLSA claims pursuant to 29 U.S.C. §216(b). (Dkt. No. 38.) The Court granted the motion on December 2, 2015. (Dkt. No. 39.) Two individuals consented to join the action during the opt-in period. (Dkt. Nos. 41, 42.) One of the two opt-in Plaintiffs later voluntarily dismissed his claims. (Dkt. No. 75.)

The Parties engaged in extensive discovery, including the exchange of numerous documents, taking multiple depositions, and the reconstruction of hours worked by Plaintiffs. Following the completion of discovery, the Parties filed a

Consent Motion to stay deadlines pending completion of settlement negotiations. (Dkt. No. 77.)  On May 9, 2016, this Court granted the Parties' Joint Motion to Stay pending settlement negotiations.  (Dkt. No. 78.)

To avoid protracted and expensive litigation over these substantive and procedural issues, the Parties have continually engaged in settlement discussions throughout this litigation.  These negotiations culminated with Plaintiffs reaching an agreement with Defendant to settle their claims in this case.  The Parties are now seeking approval of the Settlement from the Court.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982).

This Settlement is the compromise of disputed claims and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendant to Plaintiffs. Defendant expressly denies having engaged in any wrongdoing or unlawful conduct in this lawsuit; disputes Plaintiffs' entitlement to the amounts to be paid under this Settlement absent this Settlement; and disagrees with Plaintiffs as to, for example and without limitation, the number of hours Plaintiffs allegedly worked for Defendant.  Nevertheless, the Parties have entered into this Settlement as a compromise to avoid the risks, distractions, and costs that will result from further litigation.  As the executed Settlement Agreement and

Release of Claims (the "Agreement") is confidential, it will be submitted under separate cover to the Court's chambers for *in camera* review.

The Parties therefore jointly request that the Court approve the Parties' Settlement and dismiss Plaintiffs' claims against Defendant with prejudice.

## III.   Legal Authority

### A.   The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released.  First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353.  Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id.*  In addressing the circumstances justifying court approval of FLSA settlements in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit

4

a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### B. The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties.

Following good faith, arms-length negotiations, the Parties have reached a settlement of all claims. Due to the disputed facts between the Parties, the uncertainties of litigation, and the benefit to both Parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter. As noted above, the Parties have agreed to submit the confidential Agreement under separate cover to the Court's chambers for *in camera* review.

The proposed Settlement arises out of an FLSA collective action brought by Plaintiffs against Defendant, which was adversarial in nature. During the litigation and settlement of this action, the Parties were represented by experienced counsel.

The Parties further agree that the Settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Specifically, the Parties disagree as to how many hours Plaintiffs allegedly worked and whether they

worked hours off-the-clock. The Parties reviewed various documents, including but not limited to, deposition testimony, timekeeping records, e-mail records, and parking receipts to determine when Plaintiffs entered and left their place of employment each and every day within the relevant statute of limitations period. After reviewing these documents, and coming up with their independent valuation of the case, the Parties engaged in settlement discussions. The Parties, through their sophisticated counsel, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

Plaintiffs and a representative of Defendant have signed the Settlement Agreement setting forth the terms of the Agreement. The Parties believe the Settlement reached is fair, reasonable, and adequate and thus should be approved by the Court. Attorney's fees for Plaintiffs' Counsel was separately negotiated after the Parties negotiated payments to be received by Plaintiffs.

### C. The Parties' Agreement Regarding Confidentiality is Fair and Reasonable Based on the Facts of this Case.

During settlement negotiations, the Parties mutually agreed to a confidentiality provision in the Agreement and submit the Agreement to the Court for an *in camera* review. While some courts have "denounced the use of confidentiality clauses in FLSA settlements," criticizing the clauses as "(i) operating

6

unequally to the benefit of the employer alone, and (ii) frustrating FLSA goals by 'thwart[ing] the public's independent interest in assuring that employees' wages are fair,'" such clauses are not per se unenforceable.  *Crabtree v. Volkert*, 2013 WL 593500, *4 (S.D. Ala. February 14, 2013).  Indeed, most courts addressing FLSA confidentiality provisions acknowledge that there are "circumstances where confidentiality provisions may be appropriate and should be accepted."  *Id.*

Since the particular circumstances underlying the confidentiality provision matter, courts have recognized that confidentiality provisions in FLSA cases should be reviewed on a case-by-case basis, and may be enforceable based on the particular facts of a given case.  *See e.g., Luker v. Wilcox Hospital Board*, 2014 WL 3518386 (S.D. Ala. July 26, 2014) (found a confidentiality provision to be appropriate, in the context of a FLSA settlement agreement, where the provision was not one-sided as it was not made solely for the benefit of the employer); *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. February 13, 2014) (approving a confidentiality provision because plaintiffs were a driving force behind the inclusion of the provision and would benefit from it); *King v. Wells Fargo Home Mortg.*, 2009 WL 2370640 (M.D. Fla. July 30, 2009); *Bartelloni v. DeCastro*, 2007 WL 2155646, *1 (noting that courts "must weigh the interests in favor of openness-i.e., judicial transparency-against the interest of the parties in keeping the matter secret.").

The confidentiality clause in this case is unlike the typical case where the benefit of confidentiality falls primarily on the employer.  Here, the Parties mutually agreed to the confidentiality language and benefit from the inclusion of this provision in the Agreement. Throughout this litigation, confidentiality has been as much of an interest to Plaintiffs as it has been to Defendant.  Plaintiffs have repeatedly attempted to maintain the confidentiality of this litigation and ensure that the underlying facts are not made public.  Specifically, Defendant sought to issue subpoenas to third-party employers and educational institutions where Plaintiffs worked and/or attended.  Plaintiffs objected to these third-party subpoenas, seeking to prohibit Defendant from issuing the subpoenas which would publicize to employers and educational institutions the underlying facts surrounding the litigation and, according to Plaintiffs, expose them to potential unwanted harassment and/or scrutiny.  Accordingly, the usual policy concerns that underlie Courts' refusal to enforce confidentiality agreements in FLSA cases are not present here.

In addition to not operating to the benefit of the employer alone, the public's interest in ensuring that Plaintiffs receive a fair settlement is adequately protected. In this case, the Parties came to an agreement on a settlement amount after reviewing and analyzing multiple depositions and numerous other documents including timekeeping records, e-mail records, and parking receipts.  The Parties are

represented by sophisticated counsel that reviewed the various documents and engaged in settlement negotiations based on their independent valuations of the case. Additionally, Plaintiffs are no longer employed by Defendant and have little or no contact with their former co-workers.  Furthermore, Defendant's employees were provided with notice of the opportunity to join this action and only two individuals opted-in.[1]   Accordingly, the Parties have undertaken every opportunity to arrive at a fair settlement and there is little chance that the confidentiality provision within this Agreement will serve to undermine any FLSA policy goal ensuring that Plaintiffs receive a fair settlement.

   Based on the foregoing reasons, the Parties jointly ask that the Court approve their mutually negotiated confidentiality provision.

## IV.    Conclusion

The Parties jointly and respectfully request that the Court approve the settlement agreement of the Parties, and, upon approval of the settlement, that the Court dismiss the action with prejudice. A proposed Order has been attached for the Court's convenience as Exhibit A.

This 8th day of August, 2016.

---

[1] With one of the two later voluntarily dismissing his claims.

<table>
<tr><td>

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
Alex R. Roberson
Georgia Bar No. 558117
Attorneys for Plaintiffs
MILLAR & MIXON, LLC
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia  30349
Phone: (770) 955-0100
Fax: (678) 999-5039
Email: steve@mixon-law.com
Email: alex@mixon-law.com

</td><td>

*/s/ Matthew R. Simpson*
Matthew R. Simpson
Georgia Bar No. 540260
John W. Stapleton
Georgia Bar No. 368790
Counsel for Defendant
FISHER & PHILLIPS LLP
1075 Peachtree Street N.E.
Suite 3500
Atlanta, Georgia 30309
(404) 231-1400 (Telephone)
(404) 240-4249 (Facsimile)
msimpson@laborlawyers.com
jstapleton@laborlawyers.com

</td></tr>
</table>