IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAMEEKA HILL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:14-CV-04047-ELR |
| | * | |
| STRATMAR FINANCIAL RETAIL | * | |
| COVERAGE LLC, d/b/a STRATMAR | * | |
| RETAIL SERVICES, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

This action came before the Court on the Parties' Joint Motion for an Order Approving Settlement and Dismissing the Action with Prejudice. (Doc. No. 80.) Therein, the parties properly sought Final Approval of the terms of their Settlement. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.") (citations omitted).

Having reviewed the Joint Motion, the record, and the details of the settlement, the Court concludes that the terms of the settlement (1) are fair to the named Plaintiffs and Opt-in Plaintiffs (collectively "Plaintiffs"); (2) reflect a reasonable compromise over the issues that are actually in dispute in this case; and (3) demonstrate a good-faith intention by the Parties that the Plaintiffs' claims be fully and finally resolved.

Furthermore, the settlement (1) was reached in an adversarial context as the result of arms-length negotiations between the parties; (2) arrived at a fair disposition of the claims; (3) arrived at a fair and reasonable confidentiality agreement; and (4) arrived at a fair and reasonable settlement of the attorneys' fees and costs of litigation. See generally, Lynn's Food Stores, 679 F.2d at 1353.

Accordingly, the Court **GRANTS** the Parties' Joint Motion for an Order Approving Settlement and Dismissing the Action with Prejudice (Doc. No. 80) and **APPROVES** the Settlement as a final, fair, adequate, and reasonable resolution of this Action.

The Parties further request that the Court seal the Settlement. After an *in camera* review, for good cause shown, the Court grants the Parties' request and **DIRECTS** the Clerk to **SEAL** the Settlement, attached as Exhibit A.[1]

---

[1] Nothing contained herein shall be construed as a policy approving sealing settlement agreements in Fair Labor Standards Act cases. Rather, the Court will continue to assess these matters on a case-by-case basis.

IT IS FURTHER ORDERED that this matter be **DISMISSED WITH PREJUDICE.**

**SO ORDERED**, this 18th day of August, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia